David R. Paoli
PAOLI KUTZMAN, P.C.
P.O. Box 8131
257 West Front St., Suite A
Missoula, MT 59807-8131
(406) 542-3330
(406) 542-3332 (Fax)
davidrp@aol.com

Lance P. Jasper
Cynthia K. Smith
JASPER SMITH OLSON P.C.
P.O. Box 7785
202 West Spruce St.
Missoula, MT 59807-7785
(406) 541-7177
(406) 541-7179 (Fax)
lpj@montanalaw.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| TANNER J. PARRICK, individually and as Personal Representative of the Estate of Jerry J. Parrick, Deceased, and on behalf of Thais D. Park and Maria Elliot,<br><br>              Plaintiffs,<br><br>vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., BRIDGEWATER TRUCKING, LLC, SERGEY BUSLAYEV, and VLADIMIR KOCHUKOV,<br><br>              Defendants. | Cause No. CV-09-95-M-DWM-JCL<br><br><br><br><br>**FIRST AMENDED COMPLAINT AND JURY DEMAND** |

COME NOW Plaintiffs, Tanner J. Parrick, individually and as Personal Representative of the Estate of Jerry. J. Parrick, deceased, and on behalf of Thais D. Park and Maria Elliot, by and through counsel of record, Paoli, Latino and Kutzman, P.C. and Jasper Smith Olson P.C., and for his Complaint against the Defendants, FedEx Ground Package System, Inc., Bridgewater Trucking, LLC, Sergey Buslayev, and Vladimir Kochukov alleges as follows:

## **GENERAL ALLEGATIONS COMMON TO ALL CLAIMS**

1. Plaintiff Tanner J. Parrick is and was at all times relevant herein a citizen of the State of Idaho. The Estate of Jerry J. Parrick is filed in Montana.
2. Defendants are citizens of a state other than Idaho or Montana.
3. Defendant FedEx Ground Package System, Inc. is and was at all times relevant herein incorporated in Tennessee with its principal place of business in Pennsylvania.
4. Based on information and belief, Defendant Sergey Buslayev at all times relevant herein maintained a residence in New York but possessed a driver's license from New Jersey.
5. Defendant Bridgewater Trucking, LLC is and was at all time relevant herein incorporated in New Jersey with its principal place of business in New Jersey.
6. Based on information and belief, Defendant Vladimir Kochukov was at all times relevant herein a citizen of New Jersey.
7. The amount in controversy far exceeds $75,000.00, exclusive of interest and costs and, accordingly, Plaintiffs invoke diversity jurisdiction of this Court

pursuant to 28 U.S.C. § 1332.

8. Pursuant to 28 U.S.C. § 1391(a)(2), venue is proper in the Missoula Division of the District of Montana because all the events giving rise to these claims occurred within this division. Further, all filings regarding the Estate of Jerry J. Parrick occurred within this division.

9. Plaintiff Tanner J. Parrick is the duly appointed, qualified, and acting Personal Representative of the Estate of Jerry J. Parrick.  Tanner J. Parrick is acting on behalf of the Estate of Jerry J. Parrick and Jerry J. Parrick's heirs.  Jerry J. Parrick died in the manner alleged below on December 17, 2008.

10. On or about December 17, 2008, at 11:49 a.m., Jerry J. Parrick was on duty for the West End Volunteer Fire Department and was sitting in his truck, which was parked on the north shoulder of I-90 westbound at the west end of the DeBorgia straightway.  Jerry J. Parrick's truck had the emergency lights activated to create a safety zone for a one-vehicle roll-over.

11. Defendant Sergey Buslayev, who was driving a vehicle on behalf of FedEx Ground Package System, Inc., lost control of his semi-tractor trailer and collided with Jerry J. Parrick's truck.

12. The semi-tractor trailer driven by Defendant Sergey Buslayev was owned by Defendant Vladimir Kochukov's business, Defendant Bridgewater Trucking, LLC.

13. As a result of the collision, Jerry J. Parrick suffered severe injuries which eventually resulted in his death.

14. Sergey Buslayev was an employee of both FedEx Ground Package System, Inc.,

and Bridgewater Trucking, LLC, and/or Vladimir Kochukov, and was acting within the course and scope of employment at all times relevant hereto.

15. FedEx Ground Package System, Inc., Bridgewater Trucking, LLC, and/or Vladimir Kochukov were responsible for Sergey Buslayev's actions under the theory of respondeat superior at all times relevant hereto.

## COUNT I – NEGLIGENCE
## (ALL DEFENDANTS)

16. All foregoing allegations are incorporated by reference in this Count as though fully set forth herein.

17. Defendant Sergey Buslayev, acting on behalf of and within the scope of his employment with Defendants FedEx Ground Package System, Inc., Bridgewater Trucking, LLC, and/or Vladimir Kochukov, had a duty to operate the FedEx semi-tractor trailer involved in the collision on December 17, 2008, with reasonable care.

18. Defendant Sergey Buslayev breached this duty by traveling too fast for the conditions in willful and wanton disregard for Jerry J. Parrick's health and safety.

19. This breach resulted in Jerry J. Parrick's injuries and death and, therefore, damage to the Plaintiffs.

## COUNT II – NEGLIGENCE PER SE
## (ALL DEFENDANTS)

20. All foregoing allegations are incorporated by reference in this Count as though fully set forth herein.

21. Defendant Sergey Buslayev, acting on behalf of and within the scope of his

employment with Defendants FedEx Ground Package System, Inc., Bridgewater Trucking, LLC, and/or Vladimir Kochukov, had a duty to operate the FedEx semi-tractor trailer in a safe and controlled manner under Montana Code Ann. §§ 61-8-301 and 61-8-346.  These statutes were enacted for the purpose of promoting public safety, and Jerry J. Parrick was within the class of persons the statutes were designed to protect.

22. Defendant Sergey Buslayev breached this duty while acting on behalf of and within the scope of his employment with Defendants FedEx Ground Package System, Inc., Bridgewater Trucking, LLC, and/or Vladimir Kochukov by operating the FedEx vehicle in willful and wanton disregard of Jerry J. Parrick's safety in violation of Mont. Code. Ann. § 61-8-301 and by failing to approach an emergency vehicle with caution in violation of Mont. Code Ann. § 61-8-346.

23. Defendant Sergey Buslayev's violations of the Montana Code constitute negligence per se.

24. As a result of Defendant Sergey Buslayev's negligence per se he injured Jerry J. Parrick who subsequently died and, consequently, Plaintiffs suffered damages.

### COUNT III – NEGLIGENT HIRING AND RETENTION
### (DEFENDANTS FEDEX GROUND PACKAGE SYSTEM, INC., BRIDGEWATER TRUCKING, LLC, AND/OR VLADIMIR KOCHUKOV)

25. All foregoing allegations are incorporated by reference in this Count as though fully set forth herein.

26. Defendants FedEx Ground Package System, Inc., Bridgewater Trucking, LLC, and/or Vladimir Kochukov knew, or in the exercise of reasonable care should

have known, that Defendant Sergey Buslayev was incompetent and unfit to perform the job that he was hired to perform based on his horrendous driving record.

27. Defendants FedEx Ground Package System, Inc., Bridgewater Trucking, LLC, and/or Vladimir Kochukov had a duty of reasonable care owed to Plaintiffs to hire and retain competent, qualified, and safe employees.

28. Defendants FedEx Ground Package System, Inc., Bridgewater Trucking, LLC, and/or Vladimir Kochukov breached their duty of reasonable care by hiring and retaining Defendant Sergey Buslayev who was incompetent, unfit, and dangerous.

29. The failure of Defendants FedEx Ground Package System, Inc., Bridgewater Trucking, LLC, and/or Vladimir Kochukov to exercise reasonable care was the proximate cause of Jerry J. Parrick's injuries and death and damages suffered by Plaintiff.

## COUNT IV - WRONGFUL DEATH ACTION
## (ALL DEFENDANTS)

30. All foregoing allegations are incorporated by reference in this Count as though fully set forth herein.

31. At the time of Jerry J. Parrick's death, he was in good health and had a successful career with the West End Volunteer Fire Department.

32. As a direct and proximate result of the negligence of Defendants, Jerry J. Parrick suffered grave injuries that subsequently led to his death.

33. By reason of the death of Jerry J. Parrick, his children have been deprived of his

support, comfort, society, counsel, and services, all to their damage.

## COUNT V – SURVIVAL ACTION
## (ALL DEFENDANTS)

34. All foregoing allegations are incorporated by reference in this Count as though fully set forth herein.

35. Plaintiff Tanner J. Parrick brings this action for the benefit of the decedent's estate, under the provisions of Mont. Code Ann. § 27-1-501.

36. From the time Jerry J. Parrick saw the FedEx vehicle sliding towards his truck at a high rate of speed until his death, which was an appreciable amount of time, Jerry J. Parrick suffered great apprehension; terror of imminent serious injury or death; knowledge and contemplation of impending death; fright; shock; mental anguish; emotional distress; physical pain; and other damages.

37. Under the law of Montana, Jerry J. Parrick's estate is entitled to recover from Defendants money damages as compensation for the loss of his life; for the injuries suffered by Jerry J. Parrick prior to his death; for the medical bills and funeral expenses incurred; for his pain and suffering; and for the present value of the compensation and benefits of employment he would have earned during his lifetime.

## COUNT VI - PUNITIVE DAMAGES
## (ALL DEFENDANTS)

38. All foregoing allegations are incorporated by reference in this Count as though fully set forth herein.

39. Defendants acted with actual malice against Jerry J. Parrick by intentionally

disregarding facts that created a high probability of injury and deliberately proceeded to act with indifference to the high probability of injury to Jerry J. Parrick and any other persons foreseeably on the roadway.

40. FedEx Ground Package System, Inc. consciously and intentionally disregarded facts indicating that it employed unsafe drivers and drivers who employed unsafe driving practices in western Montana.

41. FedEx Ground Package System, Inc., Bridgewater Trucking, LLC, and/or Vladimir Kochukov are liable to Plaintiffs, as they employed Sergey Buslayev despite his horrendous driving record.

42. As a direct and proximate cause of Defendants' actual malice, Jerry J. Parrick suffered grave injuries and subsequent death, which resulted in damage to Plaintiffs.

## COUNT VII – CLAIM FOR DECLARATORY JUDGMENT
## (ALL DEFENDANTS)

Plaintiffs re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 42 above as if fully set forth herein.

43. M.C.A. §27-1-220 violates the due process and equal protection clauses of the state and federal constitutions, both as applied and on its face.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants for the following damages:

    I.      Compensatory damages for Jerry J. Parrick's medical and funeral costs;

    II.     Compensatory damages for Jerry J. Parrick's future wage loss;

    III.    Damages for Jerry J. Parrick's wrongful death;

IV. Damages for Jerry J. Parrick's survival including, but not limited to, his physical and emotional pain and suffering;

V. Punitive damages;

VI. The Court's declaratory order that M.C.A. §27-1-220 is unconstitutional; and

VII. All damages and such further relief as the Court deems just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

DATED this 2nd day of March, 2010.

                              PAOLI KUTZMAN P.C.

                              By: /s/ David R. Paoli
                                   David R. Paoli
                                   Attorney for Plaintiffs

                              JASPER SMITH OLSON P.C.

                              By: /s/ Lance P. Jasper
                                   Lance P. Jasper
                                   Attorney for Plaintiffs