# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

_____

TANNER J. PARRICK, individually
and as Personal Representative of the
estate of Jerry J. Parrick, Deceased,
and on behalf of Thais D. Park and
Maria Elliot,

        Plaintiffs,

vs.

FEDEX GROUNDS PACKAGE SYSTEM,
INC., BRIDGEWATER TRUCKING, LLC
SERGEY BUSLAYEV, and VLADIMIR
KOCHUKOV,

        Defendants.

CV 09-95-M-DWM-JCL

FINDINGS & RECOMMENDATION
OF UNITED STATES
MAGISTRATE JUDGE

_____

     This matter comes before the Court on Defendant FedEx Ground Package System, Inc.'s ("FedEx") motion for summary judgment on Plaintiff Tanner Parrick's ("Parrick") claim for negligent hiring and retention. The Court heard oral argument from the parties on April 21, 2010. As discussed at oral argument and for the reasons set forth below, FedEx's motion for partial summary judgment should be denied.

PAGE 1

**I.  Background**[1]

This case arises out of a motor vehicle accident that occurred on December 17, 2008, on Interstate 90 near Haugan, Montana.  Dkt. 35, ¶¶ 10-13.  Jerry Parrick was on duty for the West End Volunteer Fire Department at the time of the accident, and had parked his vehicle on the shoulder of the highway to create a safety zone for a one-vehicle roll-over.  Dkt. 35, ¶ 10.  As Jerry Parrick was sitting in his parked vehicle, a tractor trailer owned by Defendant Vladimir Kochukov's ("Kochukov") business, Bridgewater Trucking, LLC ("Bridgewater"), struck the Parrick vehicle.  Defendant Sergey Buslayev ("Buslayev") was driving the tractor trailer on behalf of FedEx at the time of the accident.  Dkt. 35, ¶14.  Jerry Parrick died as a result of the injuries he suffered in the accident.  Dkt. 20, ¶ 4I.

Tanner Parrick commenced this action against FedEx, Bridgewater, Kochukov, and  Buslayev in July 2009.  He asserts claims for negligence, negligence per se, wrongful death, survival, punitive damages, and declaratory judgment against all defendants.  Dkt. 35.  Parrick has also alleged a claim for negligent hiring and retention against FedEx, Bridgewater and/or Kochukov (Count III).

---

[1] Consistent with well-established summary judgment standards, the following facts are viewed in the light most favorable to Parrick as the non-moving party.

PAGE 2

Parrick seeks to hold FedEx, Bridgewater, and/or Kochukov directly liable for their alleged negligence in hiring and retaining Buslayev, and vicariously liable under the theory of respondeat superior for Buslayev's alleged negligence. FedEx has moved for partial summary judgment, asserting that Parrick may not proceed against it under the theory of negligent hiring and retention because it has admitted respondeat superior liability for any negligence on the part of Buslayev and Kochukov.

## II.  Legal Standards

A party moving for summary judgment bears the burden of demonstrating "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  A movant may satisfy that burden where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

PAGE 3

Where the moving party has met its initial burden with a properly supported motion, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, at 248.

Where, as here, the nonmoving party bears the burden of proof at trial, the moving party can meet its initial burden on summary judgment by showing that there is an absence of evidence in the record to support the nonmoving party's claims. *Celotox*, 47 U.S. at 325.

## III.  Discussion

FedEx has admitted that it will be vicariously liable to Parrick under the theory of respondeat superior for any negligence ultimately attributed to Buslayev and Kochukov.  Pointing to that admission, FedEx argues that Parrick's claim for negligent hiring and retention should be dismissed as duplicative and prejudicial.

Sitting in diversity jurisdiction, this Court looks to the substantive law of Montana as the forum state for purposes of resolving FedEx's motion.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).  The Montana Supreme Court has not yet had occasion to determine whether a claim for negligent hiring and retention should be dismissed where the defendant employer has admitted respondeat superior liability for the acts of its agents or employees.  Where, as here, "the

PAGE 4

state's highest court has not decided an issue, the task of the federal courts is to predict how the state high court would resolve it." *Ticknor v. Choice Hotels Intern, Inc.*, 256 F.3d 931, 939 (9th Cir. 2001) (internal quotations and citations omitted). *See also Medical Laboratory Mgmt. Consultants v. American Broadcasting Companies, Inc.*, 306 F.3d 806, 812 (9th Cir. 2002). In doing so, this Court may look to decisions from other jurisdictions for guidance. *Strother v. Southern California Permanente Medical Group*, 79 F.3d 859, 865 (9th Cir. 1996).

Courts from other jurisdictions are split on the question of whether a plaintiff may pursue a negligence claim based on the theory of negligent hiring, retention, training, and supervision where the defendant has admitted vicarious responsibility for the acts of its agents or employees under the doctrine of respondeat superior. FedEx urges this Court to follow the majority view, which "is that once an employer has admitted respondeat superior liability for a driver's negligence, it is improper to allow a plaintiff to proceed against the employer on any other theory of imputed liability." *McHaffie by and Through McHaffie v. Bunch*, 891 S.W.2d 822, 826 (Mo. 1995) (citing several cases). Courts following this majority view have specifically held that "[a] plaintiff who is injured in a motor vehicle accident cannot maintain a claim for negligent hiring, negligent retention or negligent entrustment against an employer where the employer admits

PAGE 5

responsibility for the conduct of the employee under a respondeat superior theory." *Gant v. L.U. Transport, Inc.*, 770 N.E.2d 1155, 1160 (Ill. App. 1st Dist. 2002).

The logic underlying this majority view is that "evidence of negligent hiring, training, supervision or retention becomes unnecessary, irrelevant, and prejudicial" if the employer has already admitted vicarious liability under respondeat superior. *Lee v. J.B. Hunt Transport, Inc.*, 308 F.Supp.2d 310, 313 (S.D.N.Y. 2004). As one court following this approach explained, evidence supporting a claim of negligent hiring is unnecessary where vicarious liability has "already been established under the theory of respondeat superior, under which the employer is strictly liable for all fault attributed to the negligent employee" acting within the course and scope of his employment. *McHaffie*, 891 S.W. 2d at 826-27. If a negligent hiring, training, and supervision claim does not seek to impose any liability beyond that established under the defendant's assumption of respondeat superior liability, allowing the claim to go forward would serve only to prejudice the defendant. *See Gant*, 770 N.E. 2d at 1158-59; *Oaks v. Wiley Sanders Truck Lines, Inc.,* 2008 WL 5459136 *1 (E.D. Ky. 2008); *Lee*, 308 F.Supp.2d at 312-13. Admitting proof of negligent hiring under such circumstances "would serve only to inflame the jury and result in the danger that the jury might draw the

PAGE 6

inadmissible inference that because the [driver] had been negligent on other occasions he was negligent at the time of the accident." *Hackett v. Washington Metropolitan Area Transit Authority*, 736 F.Supp. 8, 9 (D.D.C. 1990).

While these cases and others like them represent the majority view, a minority of courts have held otherwise and allowed "claims of respondeat superior and claims of negligent hiring to proceed in the same action." *Fairshter v. American National Red Cross*, 322 F.Supp. 2d 646, 654 (E.D. Va. 2004). *See also Poplin v. Bestway Express,* 286 F.Supp.2d 1316, 1319 (M.D. Ala. 2003). Those jurisdictions following the minority rule have done so in part based on the notion that a claim for negligent hiring, retention, training and supervision is premised on an employer's direct liability, as opposed to a claim under the theory of respondeat superior pursuant to which an employer's liability is derivative of the negligent acts of an employee acting within the scope of employment. *See e.g. Lim*, 435 N.W.2d at 833; *Fairshter*, 322 F.Supp.2d at 654.

The Montana Supreme Court has recognized this distinction between direct and vicarious liability,[2] but has not yet had occasion to specifically address whether it would follow the majority or minority rule in an ordinary negligence case. Because the logic underlying the majority rule is persuasive, this Court has

---

[2] *Maguire v. State*, 835 P.2d 755, 758 (Mont. 1992).

PAGE 7

previously concluded the Montana Supreme Court would follow that approach and hold that where, as here, an employer has admitted respondeat superior liability for an employee's allegedly wrongful conduct, evidence of negligent hiring and retention generally becomes both unnecessary and prejudicial. *St. Vincent v. Werner Enterprises, Inc.*, CV-8-73-M-DWM, Findings and Recommendation (Apr. 2, 2008) and Order Adopting Findings and Recommendation (May 7, 2008).

As noted in *St. Vincent*, however, there is a well-established exception to this majority rule in cases where the plaintiff has asserted a valid claim for punitive damages. *See e.g., Lee*, 308 F.Supp.2d at 315; *Durben v. American Materials,* Inc., 503 S.E.2d 618, 619 (Ga. App. 1998). *Watson v. Strack*, 773 N.Y.S.2d 676 (N.Y.A.D. 4th Dept. 2004).[3] If "a plaintiff has a valid claim for punitive damages against the employer based on its independent negligence in hiring and retaining the employee...it cannot be said that the negligence claims against the employer are merely duplicative of the respondeat superior claim." *Durben*, 503 S.E.2d at 619. This is so because the claim for negligent hiring and

---

[3] The general rule would also give way where not allowing a plaintiff to pursue liability via both respondeat superior and negligent hiring, supervision or retention would adversely affect the availability of insurance coverages. *See Marquis v. State Farm Fire and Casualty Co.*, 961 P.2d 1213, 1223 (Kan. 1998). *See also Pablo v. Moore*, 298 Mont. 393, 399, 995 P.2d 460, 464 (2000). That situation is not presented in this case.

PAGE 8

retention exposes the employer to the possibility of additional liability in the form of punitive damages.

Whether FedEx is entitled to summary judgment on Parrick's negligent hiring and retention claim thus depends on whether Parrick has asserted "a valid claim" for punitive damages against FedEx based on its independent negligence in hiring and retaining Buslayev.  *Durben*, 503 S.E.2d at 619.  To prevail on his claim for punitive damages, Parrick must ultimately establish by clear and convincing evidence that FedEx is "guilty of actual fraud or actual malice."  Mont. Code Ann. § 27-1-221(1) and (5).  A defendant is guilty of actual malice if the defendant has knowledge of facts or intentionally disregards facts that create a high probability of injury to the plaintiff" and deliberately proceeds to act with indifference to, or in conscious or intentional disregard of, the high probability of injury to the plaintiff.  Mont. Code Ann. § 27-1-221(2).

Parrick alleges that FedEx acted with actual malice "by disregarding facts that created a high probability of injury to [him] and any other persons foreseeably on the roadway."  Dkt. 35, ¶ 39.  Specifically, Parrick claims that FedEx "consciously and intentionally disregarded facts indicating that it employed unsafe drivers and drivers who employed unsafe driving practices in western Montana"

PAGE 9

and "employed Sergey Buslayev despite his horrendous driving record." Dkt. 35, ¶¶ 40-41.

Of course, whether Parrick will ultimately be able to prove these allegations by the requisite clear and convincing evidence at trial remains to be seen. For present purposes, however, the only question is whether Parrick has asserted a valid claim for punitive damages based on FedEx's alleged conduct in hiring and retaining Buslayev. As the party moving for summary judgment, FedEx bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. While FedEx may meet this burden by showing "that there is an absence of evidence to support the nonmoving party's case," FedEx does not argue that Parrick's punitive damages claim is entirely lacking in evidentiary support.

Indeed, Fed Ex clarified at oral argument that it is not presently moving for summary judgment on Parrick's punitive damages claim or challenging the claim's evidentiary basis.[4] Parrick has pointed to evidence of record that he believes may entitle him to punitive damages based on Fed Ex's alleged negligence in hiring

---

[4] Fed Ex specifically and appropriately reserved its right to do so in the future, however, and this Findings and Recommendation is not meant to preclude Fed Ex from challenging Parrick's right to recover punitive damages either by way of a subsequent summary judgment motion or in its own defense at trial.

PAGE 10

and retaining Buslayev. Dkt. 57, 13. Whether that evidence would be sufficient to withstand summary judgment is not now at issue. The Court can only assume for purposes of the present motion that Parrick may be able to prove conduct upon which a jury could award punitive damages.

Because Parrick has, at least at this juncture and on this record, asserted a valid claim for punitive damages based on FedEx's alleged conduct in hiring and retaining Buslayev, it cannot be said as a matter of law that Parrick's negligent hiring and retention claim is entirely duplicative of his respondeat superior claims. See *Durben*, 503 S.E.2d at 619. Because Parrick's claim for negligent hiring and retention exposes FedEx to the possibility of additional liability in the form of punitive damages, FedEx's motion for partial summary judgment should be denied.

## IV.  Conclusion

For all of the above reasons,

IT IS RECOMMENDED that FedEx's Motion for Partial Summary Judgment on Parrick's claim for negligent hiring and retention be DENIED.

DATED this 21st day of April, 2010.

                                              /s/ Jeremiah C. Lynch
                                              Jeremiah C. Lynch
                                              United States Magistrate Judge