## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

_____

| | |
|---|---|
| TANNER J. PARRICK, individually and as Personal Representative of the estate of Jerry J. Parrick, Deceased, and on behalf of Thais D. Park and Maria Elliot, | CV 09-95-M-DWM-JCL |
| Plaintiffs, | ORDER |
| vs. | |
| FEDEX GROUND PACKAGE SYSTEM, INC., BRIDGEWATER TRUCKING, LLC SERGEY BUSLAYEV, and VLADIMIR KOCHUKOV, | |
| Defendants. | |

_____

## I. Background

This diversity action stems from a collision between a tractor-trailer unit owned by Defendant Vladimir Kochukov's business, Bridgewater Trucking, LLC and a pickup truck in which the Plaintiffs' decedent, Jerry Parrick, was seated on the shoulder of Interstate 90 near Haughan, Montana. Defendant Sergey Buslayev was operating the tractor trailer with Kochukov as a passenger. Jerry Parrick died as a result of the injuries he sustained in the collision. At the time of the collision both Buslayev and Kochukov were acting on behalf of FedEx Ground Package System, Inc.

Plaintiff Tanner Parrick advances a claim of negligence, seeking both compensatory and punitive damages against Buslayev for his operation of the tractor-trailer.  Plaintiff seeks to impose vicarious liability for Buslayev's purported negligence upon FedEx, Bridgewater, and Kochukov under the doctrine of respondeat superior.

In addition to his negligence claims against Buslayev, Plaintiff advances claims of negligent hiring, training, retention and supervision against FedEx, Bridgewater, and Kochukov.  Plaintiff seeks both compensatory and punitive damages with respect to these direct liability claims.  All Defendants have alleged comparative negligence on the part of Jerry Parrick as an affirmative defense to Plaintiff's claims.

FedEx previously admitted respondeat superior liability for any negligence that might ultimately be attributed to Buslayev in the operation of the tractor-trailer unit.  In this regard, the Court previously ruled that the Montana Supreme Court would most likely follow the majority rule and hold that where, as here, an employer has admitted respondeat superior liability for an employee's allegedly wrongful conduct, evidence of negligent hiring and retention generally becomes unnecessary and prejudicial.  The Court also held, however, that notwithstanding this general rule, claims of respondeat superior and claims of direct liability for negligent hiring and retention may proceed in the same action if the plaintiff has alleged a valid claim for punitive damages based upon the direct liability claims.

The matter is before the Court on motion of FedEx requesting the Court to bifurcate, for purposes of trial, the negligence claim against Buslayev for the operation of the tractor-trailer from the claims of negligent hiring, training,[1] retention, and supervision leveled directly against FedEx, Bridgewater, and Kochukov.

For the reasons detailed below, the motion to bifurcate is properly denied at this juncture.

## I.   Analysis

Rule 42(b) of the Federal Rules of Civil Procedure states that the Court, in furtherance of convenience or to avoid prejudice, may order a separate trial of any claim or issue.  The decision to grant or deny a separate trial on a claim or issue is vested in the sound discretion of the trial court.  *Hirst v. Gertzen*, 676 F.2d 1252, 1261, (9th Cir. 1982).

FedEx argues that because it has admitted respondeat superior liability for any negligence of Buslayev in the operation of the tractor-trailer, it will be prejudiced in its defense of that claim if the claim is not tried separately from the claims of negligent hiring, training, retention, and supervision.  More specifically,

---

[1] FedEx's motion references only the claims of negligent hiring and retention. Nonetheless, the Court views the motion as extending to the claims of negligent training and supervision.

FedEx argues that allowing evidence pertaining to these direct liability claims – including evidence which bears only on Plaintiff's claim for punitive damages – will inhibit FedEx from obtaining a fair trial on the vicarious liability claim. The only particular evidence to which FedEx generally refers are traffic citations which may have been issued to Buslayev in the past. FedEx asserts that evidence of past traffic citations – inadmissible under Montana law to prove negligence, *Smith v. Rorvik*, 751 P.2d 1053, 1056 (Mont. 1988) – would impermissibly taint the jury's decision-making process on the vicarious liability claim.

The Plaintiff offers three arguments in opposition to bifurcation. First, Plaintiff argues that FedEx has not explained, let alone established, how it would be unfairly prejudiced if trial on the vicarious liability claim is not bifurcated from the direct liability claims. Second, Plaintiff asserts that bifurcation will defeat judicial economy because: (1) many of the same issues – particularly liability and causation – would have to be decided in both phases of trial; and (2) many of the same witnesses would have to testify in both phases of the trial, thereby unnecessarily duplicating witness testimony. Finally, the Plaintiff suggests that bifurcation would lead to juror confusion.

At the outset, it is important to note that liability for the underlying collision and subsequent death of Jerry Parrick will be determined in accordance with

Montana's comparative negligence statute, Mont. Code Ann. § 27-1-703(4). As the case is presently postured, the jury will be called upon to apportion liability for the collision based upon any negligence on the part of: (1) Jerry Parrick in the operation and placement of his pickup; (2) Buslayev in the operation of the tractor-trailer; (3) the remaining Defendants in their hiring, training, retaining, and supervising Buslayev.

Parrick will, of course, have to prove that Buslayev's alleged negligence in the operation of the tractor-trailer and the remaining Defendants' alleged negligence in hiring, training, or supervising Buslayev were substantial factors in causing the underlying collision. See *Busta v. Columbus Hospital Corp.*, 916 P.2d 122, 139-40 (Mont. 1996). The same is true with respect to the Defendants' assertion that Jerry Parrick was comparatively negligent. As the Defendant accurately notes, the Plaintiff can only prevail upon his claims for punitive damages against FedEx, Bridgewater, or Kochukov if he ultimately obtains an award of actual damages against these Defendants on one of the direct liability claims. *Harris v. American General Life Ins. Co. of Delaware,*, 658 P.2d 1089, 1092-93 (Mont. 1983).

In view of the operation of Mont. Code Ann. § 27-1-703(4), the Plaintiff's concerns that the issues of liability and causation are so intertwined that

bifurcation of the trial into separate phases would prove counterproductive is legitimate. In moving for bifurcation, FedEx does not undertake to explain how the case could be compartmentalized in a fashion that would allow the jury to apportion liability without contemporaneously considering evidence relating to both Buslayev's alleged negligence in the operation of the tractor-trailer and the remaining Defendants' alleged negligence in hiring, training, retaining, and supervising Buslayev.

Additionally, FedEx's argument that evidence relating to the direct liability claims must be bifurcated to effectively insulate the jury from hearing about past traffic citations to Buslayev and other evidence which goes only to the issue of punitive damages presumes too much. First, the efficacy of our jury trial system relies on the ability of the trial judge to determine when otherwise relevant evidence is inadmissible because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403, 404(b). Second, the trial court is vested with discretion to instruct the jury, both at the time an item of evidence is introduced and again when the jury is given its final charge, that the item of evidence is admitted for a limited purpose and for no other. These tools enable the trial judge to protect the integrity

of the trial and alleviate prejudice that may flow from evidence admitted for a limited purpose.

Finally, Rule 42(b) "should be resorted to only in the exercise of informed discretion when the court believes that separation will achieve the purposes of the rule." Wright & Miller, Federal Practice and Procedure, § 2238 (2d Ed. 1995). Here, FedEx essentially asks the Court to determine the propriety of bifurcation in an evidentiary vacuum. As noted, the only specific item of evidence referenced by FedEx is past traffic citations that may have been issued to Buslayev.

### III.  Conclusion

Application of Rules 403 and 404(b) of the Federal Rules of Evidence, together with the utilization of limiting instructions as appropriate, would serve to alleviate the fears of undue prejudice thus far articulated by FedEx.  It may well be that as the evidentiary record is more fully developed prior to, or even during the course of trial, the presiding judge may deem it necessary to bifurcate proceedings in some fashion, but that remains to be determined.

Therefore, IT IS HEREBY ORDERED that the Motion to Bifurcate of Defendant FedEx Ground Package System Inc. is DENIED.

DATED this 26th day of May, 2010.

                                          /s/ Jeremiah C. Lynch
                                          Jeremiah C. Lynch
                                          United States Magistrate Judge