# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

_____

| | |
|---|---|
| TANNER J. PARRICK, individually and as Personal Representative of the estate of Jerry J. Parrick, Deceased, and on behalf of Thais D. Park and Maria Elliot,<br><br>Plaintiffs,<br><br>vs.<br><br>FEDEX GROUNDS PACKAGE SYSTEM, INC., BRIDGEWATER TRUCKING, LLC SERGEY BUSLAYEV, and VLADIMIR KOCHUKOV,<br><br>Defendants. | CV 09-95-M-DWM-JCL<br><br><br><br><br>ORDER |

_____

The Plaintiff has challenged the validity, under the Montana Constitution, of the cap on punitive damages - the lesser of $10 million or 3% of a defendant's net worth - prescribed by Mont. Code Ann. § 27-1-220(3). Specifically, the Plaintiff contends that § 27-1-220(3), both facially and as applied in this wrongful death and survivorship action, violates the following rights guaranteed by Article II of the Montana Constitution:

(1) trial by jury - Section 26;

(2) access to the courts - Section 16;

1

(3) equal protection of the laws - Section 4; and

(4) due process of law - Section 17.

The Plaintiff has filed a motion - denominated as one for partial summary judgment - requesting the Court to certify to the Montana Supreme Court the questions of whether § 27-1-220(3) violates the referenced provisions of the Montana Constitution. In the alternative, the Plaintiff asks the Court to declare § 27-1-220(3) violates the referenced provisions of the Montana Constitution as a matter of law. In view of the posture of this case, the Court deems it appropriate to deny the Plaintiff's alternative requests.

The Plaintiff's challenge to the validity of § 27-1-220(3) under the Montana Constitution does indeed present questions of state law for which there exists no controlling precedent and which would best be answered by the Montana Supreme Court. Two factors, however, counsel against certification at this juncture. First, no useful purpose would be served by certification at this time since trial is set to commence in approximately two months on October 18, 2010. Second, and more importantly, it is unlikely the Montana Supreme Court would accept certification of the referenced questions unless and until the Plaintiff has secured an award of punitive damages greater than the $10 million cap. In this regard, the Montana Supreme Court has adopted the prudent rule that it avoids constitutional issues

whenever possible.  *In re G.M.*, 186 P.3d 229, 234 (Mont. 2008); *Sunburst School District No. 2 v. Texaco, Inc.*, 165 P.3d 1079, 1093 (Mont. 2007).

Therefore, IT IS HEREBY ORDERED that the Plaintiff's motion for certification or partial summary judgment is DENIED.

DATED this 3rd day of August, 2010.

       /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge