**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

_____

TANNER J. PARRICK, individually
and as Personal Representative of the
estate of Jerry J. Parrick, Deceased,        CV 09-95-M-DWM-JCL
and on behalf of Thais D. Park and
Maria Elliot,

               Plaintiff,

                                  FINDINGS & RECOMMENDATION
                                  OF UNITED STATES
                                  MAGISTRATE JUDGE

        vs.

FEDEX GROUND PACKAGE SYSTEM,
INC., BRIDGEWATER TRUCKING, LLC
SERGEY BUSLAYEV, and VLADIMIR
KOCHUKOV,

               Defendants.

_____

    Before the Court is Plaintiff's  motion for partial summary judgment on the

Defendants' affirmative defenses of assumption of risk, contributory negligence,

and superseding intervening cause.  Plaintiff also moves for summary judgment on

1

the issue of Defendant Sergey Buslayev's ("Buslayev") liability for the vehicular

accident giving rise to this litigation.  Plaintiff's motion for summary judgment

should be granted in part and denied in part as set forth below.

## I.  Background

This case arises out of a motor vehicle accident that occurred on December

17, 2008, on Interstate 90 near Haugan, Montana.  Dkt. 91, ¶ 1.  Jerry Parrick was

on duty for the West End Volunteer Fire Department at the time of the accident,

and had parked his vehicle on the shoulder of the highway to create a safety zone

for a one-vehicle roll-over.[1]  Dkt. 91, ¶¶ 4-6.  While Jerry Parrick was seated

inside his parked vehicle, it was struck by a tractor trailer driven by Buslayev.  At

the time of the collision, Buslayev was acting on behalf FedEx.  Dkt. 91.  The

tractor trailer was owned by Defendant Vladimir Kochukov's business,

Bridgewater Trucking, LLC.

Jerry Parrick died as a result of the injuries he suffered in the accident, and

Tanner Parrick subsequently commenced this action against FedEx, Bridgewater,

---

[1] As discussed below in conjunction with Parrick's motion for summary
judgment on the affirmative defense of contributory negligence, whether Parrick's
vehicle was located entirely on the westbound shoulder, or whether it was partly
blocking the right lane of traffic, is disputed.

Kochukov, and Buslayev.  Dkt. 1, Dkt. 91, ¶ 3.  Parrick[2] asserts claims for

negligence, negligence per se, wrongful death, survival, punitive damages, and

declaratory judgment against all Defendants.  Dkt. 66.  Parrick also alleges a claim

for negligent hiring and retention against FedEx, Bridgewater and/or Kochukov,

and a claim for negligent failure to train and supervise solely against FedEx. Dkt.

66.

Parrick has moved for summary judgment on three of the Defendants'

eleven affirmative defenses, including assumption of the risk, contributory

negligence, and superseding intervening cause.  Parrick also asks the Court to rule

as a matter of law that Buslayev is liable for causing the accident.

## II.  Legal Standards

A party moving for summary judgment bears the burden of demonstrating

"that there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  A movant may

satisfy that burden where the documentary evidence produced by the parties

---

[2] Tanner Parrick brings this case both individually, and in his representative capacity as personal representative of the estate of Jerry Parrick.  For purposes of this analysis, the Court will hereinafter refer to the Plaintiff and the decedent interchangeably as "Parrick."

permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden with a properly supported motion, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson*, 477 U.S. at 248, 49. A fact is "material" if it may affect the outcome of the case. *Anderson*, 477 U.S. at 248. "When determining whether a genuine issue of material fact remains for trial, [the court] must view the evidence and all inferences therefrom in the light most favorable to the non-moving party and may not weigh the evidence or make credibility determinations." *Hauk v. JP Morgan Chase Bank USA,* 552 F.3d 1114, 1117-18 (9th Cir. 2009).

## III.  Discussion

### A.    Assumption of Risk (Fifth Affirmative Defense)

Defendants assert as their fifth affirmative defense that "Parrick assumed the risk of the events, occurrences, and damages alleged in Plaintiff's Complaint." Dkt. 71, at 10.  Citing *Abernathy v. Eline Oil Field Services, Inc.*, 650 P.2d 772, 775-76 (Mont. 1982), Parrick moves for summary judgment as to this defense on the ground that the doctrine of assumption of risk is no longer applicable in Montana.

Defendants agree "that the jury should not be instructed on the doctrine of assumption of the risk," but maintain the rule established by *Abernathy* "does not preclude the offering of evidence that an individual assumed the risk of an injury." Dkt. 116, at 3-4.  For support, Defendants rely on *Schuff v. Jackson*, 55 P.3d 387, 392 (Mont. 2002), in which the Montana Supreme Court held the plaintiffs were not entitled to a new trial based on assumption of risk testimony that had been admitted without objection.

As the *Schuff* court explained, however, "contributory negligence was never alleged" in that case and it "was agreed that [the plaintiffs] were not negligent." *Schuff*, 55 P.3d at 392.  Presumably, this meant that the assumption of risk testimony had not been offered to show negligence on the part of the plaintiffs, but

to instead demonstrate that the accident was the result of an inherent risk which the plaintiff could not have eliminated through the use of reasonable care.  Equally important was the fact that the testimony had been admitted at trial without objection.  *Schuff*, 55 P.3d at 392.  *Schuff* is thus distinguishable from the case at hand, in which Parrick objects to the introduction of assumption of the risk testimony and the Defendants do allege contributory negligence.

In fact, the *Schuff* court reiterated what is by now well-established in Montana – that "the assumption of risk is merely a form of contributory negligence and should be considered as such."  *Schuff*, 55 P.3d at 392.  Under *Abernathy*, assumption of risk is no longer a viable doctrine in Montana and Defendants' fifth affirmative defense should be summarily dismissed.  A determination as to exactly what evidence and argument the Defendants may properly offer under the theory of contributory negligence is more properly addressed at the time of trial.

### B.    Contributory Negligence (Sixth Affirmative Defense)

For their sixth affirmative defense, the Defendants allege "[t]he injuries of which Plaintiffs complain were caused in whole or in part by the Plaintiffs themselves and these answering Defendants are entitled to the benefits of Mont. Code Ann. § 27-1-701, et. seq."  Dkt. 71, at 10.  Defendants' theory is that Parrick

was contributorily negligent in causing the accident because he parked with the

rear end of his vehicle extending into the right lane of traffic on the interstate.

Parrick moves for summary judgment on the ground that Defendants have

not put forth sufficient evidence of contributory negligence to give rise to a

genuine issue of material fact.  According to Parrick, the evidence of record

overwhelmingly demonstrates that his vehicle was properly positioned on the

north shoulder of the interstate at the time of the accident.   For example, Parrick

points to the deposition testimony of Trooper Steve Gaston, who was called to the

scene shortly after the accident and prepared an investigative report.  In Trooper

Gaston's opinion, Parrick's vehicle had been parked entirely on the concrete part

of the north shoulder and was appropriately positioned to protect the scene ahead.

Dkt. 91-6, at 9-10 (Depo. Gaston 108:11-14; 110:21-111:24 (Feb. 10, 2010)).

Parrick also points to the deposition testimony of Deputy Michael Boone,

who was on the scene at the time of the accident but did not see it happen.  Dkt.

91-5, at 2 (Depo. Boone 7:22-8:9; 32:13-17 (Feb. 9, 2010)).  Boone stated that

Parrick had been parked on the shoulder off the highway.  Dkt. 91-5, at 4 (Depo.

Boone 33:21-25).   Parrick's expert, Dave Rochford, similarly indicated in his

collision reconstruction report that Parrick's vehicle was stopped on the north

shoulder of Interstate 90, and its left wheels "were on the concrete shoulder, about

7

8 to 12 inches from the edge of the concrete."   Dkt. 91-9, at 39.  And as Parrick

also notes, Defendants' own expert, David Beaufort, has likewise stated that

Parrick's vehicle "was parked on the shoulder [of] I-90" at the time of the

accident.  Dkt. 91-10, at 4.  In Parrick's view, the foregoing evidence is so

overwhelming, that this Court can say as a matter of law that his vehicle was not

partially blocking the right lane of traffic and he was not contributorily negligent.

As Defendants note in response, however, Buslayev testified differently at

his deposition.  According to Buslayev, approximately one-third of Parrick's

vehicle was blocking the right lane of traffic.  Dkt. 117-1, at 9 (Depo. Buslayev,

82:12-18; 85:10-86:10 (Dec. 17, 2009)).  Defendants maintain that Buslayev's

testimony is sufficient to defeat summary judgment on the issue of Parrick's

contributory negligence.  This Court agrees.

"Credibility determinations, the weighing of the evidence, and the drawing

of legitimate inferences from the facts are jury functions, not those of a judge"

when ruling on a motion for summary judgment.  *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 255 (1986).  To grant Parrick's motion for summary judgment,

however, the Court would have to do just what the *Anderson* Court has said is

prohibited and weigh Buslayev's testimony against that of the other witnesses

while judging his credibility.  That is not the Court's proper function.  Buslayev

8

has presented contradictory testimony as to the location of Parrick's vehicle, which makes the question of Parrick's contributory negligence a factual one for the jury.

Citing *Scott v. Harris*, 550 U.S. 372, 380 (2007), Parrick nevertheless argues that Buslayev's testimony is insufficient to raise a genuine issue of material fact as to the location of Parrick's vehicle.  In *Scott*, the United States Supreme Court stated that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."  *Scott*, 550 U.S. at 380.  Parrick maintains that Buslayev's version of events is so blatantly contradicted by the weight of the evidence, that no reasonable jury could believe his testimony.

In *Scott*, however, there was videotaped evidence that "utterly discredited" the respondent's version of events, rendering it a "visible fiction."  *Scott*, 550 U.S. at 379-80.  There is no such evidence here.  While Parrick has identified several individuals who will presumably testify that they believe his vehicle was parked entirely on the shoulder of the highway, none of those individuals witnessed the accident and only Deputy Boone claims to have actually seen where Parrick was parked.  This Court simply cannot say as a matter of law that no reasonable jury

could believe Buslayev and accept his testimony over the contradictory testimony

of these other individuals.

In a final attempt to convince the Court differently, Parrick points to the

following excerpt from the deposition of FedEx's liability claim manager, Tammy

Beres:

> Q (Plaintiff's counsel).    I am sorry. You agree that no one else is at fault
> for this accident, other than the driver, correct?
>
> A (Beres).    I don't believe so. That is what I said, right.
>
> Q.    believe that you have concluded that no one else is at fault for this
> accident and crash, other than the FedEx Ground driver?
>
> A.    Yes.
>
> Q.    That's correct?
>
> A.    I believe so.
>
> Q.    Okay.  And have you told Mr. Dozier or Mr. Doak that fact?
>
> A.    I don't believe in those terms, no.
>
> Q.    What terms have you said to them that information?
>
> A.    That it is unfavorable.
>
> Q.    I have got you. And wrapped into that is liability or negligence on the
> driver, and no liability or negligence on anyone else, is that right.
>
> A.    I believe so.

Dkt. 89, at 10, 22.[3]

Parrick reads this portion of Beres's deposition as an admission on FedEx's part that no one else, including Parrick, was at fault for the accident and argues the Court should therefore preclude the Defendants from relying on contributory negligence as an affirmative defense. The problem with Parrick's argument is twofold. First, the excerpted portion of Beres's deposition is ambiguous on this point. Beres could reasonably have understood counsel to be asking whether she believed any other third party was at fault for the accident, not whether the decedent was in any way at fault. Second, even assuming Beres stated that she did not believe Parrick was in any way at fault for the accident, there is nothing to suggest that she was a corporate designee under Fed R. Civ. P. 30(b)(6) with the authority to provide binding answers on behalf of FedEx.[4]

On this record, whether Parrick was contributorily negligent in causing the accident is a question of fact that can only be answered by the jury. Accordingly,

---

[3] Parrick has not attached a copy of Beres's deposition transcript to his consolidated statement of uncontroverted facts. The Court will nevertheless assume, for purposes of this discussion, that Parrick's brief in support of his motion for partial summary judgment accurately sets forth Beres's testimony.

[4] Parrick also points to the deposition testimony of FedEx's "linehaul manager," Phillip Van Orman, who testified that FedEx "was at fault" for the accident. Van Orman's testimony is insufficient, for the same reasons as Beres's testimony, to sustain the grant of summary judgment.

11

Parrick's motion for summary judgment on the Defendants' sixth affirmative defense should be denied.

### C.    Superseding, Intervening Cause (Ninth Affirmative Defense)

Defendants allege as their ninth affirmative defense that Parrick's "damages, if any, were proximately caused by the superceding intervening negligence or actions of other third-persons, and any negligence or breach of duty on the part of these answering Defendants, if any, was not a proximate cause of the alleged loss to [Parrick]." Dkt. 71, at 10-11.  Parrick moves for summary judgment as to this defense on the ground that the Defendants "have no evidence to support a claim of superseding, intervening cause." Dkt. 89, at 9.

In response, Defendants agree that there is no evidence of a superseding or intervening cause in this case, and indicate they do not object to Parrick's motion for summary judgment as to this affirmative defense.  Parrick's motion should be granted accordingly.

### D.    Buslayev's Liability

Finally, Parrick moves for partial summary judgment "against Buslayev for his liability." Dkt. 89, at 18.  Parrick argues that "Buslayev's want of ordinary care or skill in operating the FedEx tractor-trailer combination is clear and irrefutable," and maintains "[a]ll of the evidence in this case clearly indicates

Buslayev was reckless and careless in his operation of the FedEx tractor-trailer combination as he drove west on I-90 approaching DeBorgia and Haugan, Montana." Dkt. 89, at 18.

In response to Parrick's motion, "FedEx Ground admits Buslayev was negligent in the accident at issue." Dkt. 116, at 8. Defendants argue, however, that this admission "does not eliminate the need to have the jury apportion negligence between Buslayev and Parrick." Dkt. 116, at 8.

As discussed above, whether Parrick was contributorily negligent is a question of fact for the jury. Likewise, it will be for the jury to apportion liability based on Parrick's contributory negligence, if any, and Buslayev's admittedly negligent conduct. And as the Court recognized in its May 26, 2010, order denying FedEx's motion to bifurcate, the jury may be called upon to likewise apportion liability to the remaining Defendants for their allegedly negligent hiring, training, retention, and supervision of Buslayev. Dkt. 77, at 5. None of this can be accomplished on summary judgment.

Because FedEx "admits that Buslayev was negligent in the accident at issue," Parrick's motion should be granted to the extent that FedEx may not take a contrary position at trial and argue that Buslayev was not negligent. To the extent

Parrick seeks anything further by way of his motion for summary judgment on

liability, however, the motion should be denied.

## IV.  Conclusion

For all of the above reasons,

IT IS RECOMMENDED that Parrick's Motion for Partial Summary

Judgment be GRANTED IN PART and DENIED IN PART as set forth above.

DATED this 3rd day of August, 2010.


/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

PAGE 14