IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

| | |
|---|---|
| TANNER J. PARRICK, individually and as Personal Representative of the estate of Jerry J. Parrick, Deceased, and on behalf of Thais D. Parrick and Maria Elliot,<br><br>          Plaintiff,<br><br>     vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., BRIDGEWATER TRUCKING, LLC SERGEY BUSLAYEV, and VLADIMIR KOCHUKOV,<br><br>          Defendants. | CV 09-95-M-DWM-JCL<br><br><br><br>ORDER |

_____

The Defendants move in limine to preclude the Plaintiff from presenting testimony, evidence, or argument with respect to numerous matters.  Having considered the parties' respective arguments pertaining to Defendants' motion in limine, the Court turns to address each aspect of the motion.

**A.     Evidence of Direct Negligence**

FedEx Ground Package System, Inc. ("FedEx") has admitted that it is vicariously liable for any negligence on the part of the Defendant Sergey Buslayev

-1-

in his operation of the semi-truck trailer unit involved in the underlying collision. Based upon this admission of vicarious liability, FedEx has taken the position that the Plaintiff may not pursue claims directly against FedEx for its purported negligence in hiring, training, supervising, and retaining Buslayev. The Court explained the error in FedEx's position when it denied its motion for partial summary judgment on the issue of direct liability. Dkt. # 63. The Court also explained the error of FedEx's position when it rejected FedEx's argument that trial upon the issue of Buslayev's negligent operation of the semi-truck trailer unit should be bifurcated from trial upon the Plaintiff's direct claims of negligence against FedEx. Dkt. # 77.

In this aspect of the motion in limine, FedEx again seeks to convince the Court that evidence probative of Plaintiff's claims for negligent hiring, training, supervision, and retention should not be placed before the jury until all issues relating to FedEx's vicarious liability for Buslayev's operation of the semi-truck trailer unit are resolved. This aspect of FedEx's motion in limine is properly denied for the reasons previously set forth in the Court's orders denying FedEx's motions for partial summary judgment and bifurcation.

**B.  Defendant Buslayev's Conviction of Crimes**

Prior to the time Buslayev entered the employ of FedEx, he was apparently

convicted of two misdemeanor offenses – driving under the influence ("DUI") and theft. Defendants assert that evidence of these convictions is irrelevant. In the alternative, Defendants contend that any probative value evidence of these convictions may have is substantially outweighed by its prejudicial effect and should be excluded under Fed. R. Evid. 403.

The Plaintiff retorts that evidence of Buslayev's conviction for DUI is relevant to Plaintiff's claim that Defendants FedEx, Bridgewater Trucking, and Kochukov were negligent in their hiring of Buslayev. As to the conviction for theft, the Plaintiff argues evidence of that conviction may become relevant if the Defendants put Buslayev's character into play before the jury.

Apparently, Buslayev's driving record indeed reflects that he was convicted of driving under the influence. The fact of that conviction is relevant to Plaintiff's claim that the other Defendants were negligent in their subsequent hiring of Buslayev.

According to Buslayev, he received the DUI while he was sleeping in his car – an assertion that has not yet been corroborated by any documents. The Defendants are free to argue before the jury – as they have in their briefing – that the citation is not probative of Buslayev's qualifications as a commercial truck driver. This argument, however, goes to the weight of the evidence, not its

admissibility. Consequently, this aspect of the Defendants' motion is properly denied.

Buslayev's conviction for theft apparently relates to his shoplifting of two sandwiches. Contrary to the argument of the Plaintiff, evidence of this conviction would not become admissible under either Federal Rule of Evidence 608(b) or 609(a)(2). Under both of the referenced rules, evidence of a conviction for a misdemeanor offense is only admissible if the crime involved dishonesty or false statement. Property crimes such as petty larceny, shoplifting, and the like are not crimes of dishonesty within the contemplation of Rule 609(a)(2) because they are not crimes which involve deceit. *See e.g. United States v. Foster*, 227 F.3d 1096, 1100-01 (9th Cir. 2000). Consequently, this aspect of Defendants' motion is properly granted.

## C.  Evidence Regarding Jerry Parrick's Military Service and Receipt of a Purple Heart

The Plaintiff's decedent, Jerry Parrick, received a Purple Heart for his military service in Vietnam. The Defendants assert that evidence of Mr. Parrick's military service is irrelevant and should be excluded under Federal Rules of Evidence 401 and 402. The Defendants also argue that even if Mr. Parrick's military service and receipt of a Purple Heart bear some relevance to the issues to

be resolved, the probative value of the evidence is substantially outweighed by its prejudicial effect and should be excluded under Federal Rule of Evidence 403.

The Plaintiff, individually and on behalf of Mr. Parrick's other adult children, has advanced a claim for wrongful death and seeks damages for loss of consortium.  Mr. Parrick's military service and receipt of a Purple Heart are relevant to the issue of damages for loss of consortium, as it may prove probative of Parrick's disposition, and the effect that disposition had on the relationship he engendered with his adult children.  Consequently, this aspect of the Defendants' motion is denied.

**D.     Montana Highway Patrol Trooper Gaston**

Montana Highway Patrol Trooper Steven Gaston investigated the underlying collision and prepared a "Fatal Crash Report."  Contained within that report is the following statement:

> Buslayev also has driving violations including Failing to Follow Directions of Traffic Control Devices, Reckless Driving in a CMV, Speed Violations, and Failing to Yield to an Emergency Vehicle.  All of these violations have occurred since 15 July 2003 (about five years) indicating a tendency toward carelessness, if not an outright, willful disregard for the safety and property of others.

The Defendants move in limine to preclude Plaintiff from presenting evidence or testimony relating to this statement, which they contend constitutes

impermissible character evidence.  Fed. R. Civ. Evid. 404(b).

As previously noted, the Plaintiff argues that evidence of Buslayev's previous citations is relevant to the claims of negligent hiring, training, supervision, and retention he advances against the other Defendants.

The issue of whether evidence of the citations previously received by Buslayev is admissible was discussed above.  As to the opinion of Trooper Gaston that Buslayev's receipt of the referenced citations is indicative of his general carelessness and even willful disregard for the safety of others, the motion is properly granted.

The Plaintiff suggests that the opinion of Trooper Gaston is legitimate expert testimony.  While not specifically citing Federal Rule of Evidence 702, the Defendants argue, in essence, that Trooper Gaston is not qualified by knowledge, skill, experience, training, or education to render the disputed opinion.

Federal Rule of Evidence 702 governs the admissibility of expert testimony and requires that: (1) the testimony be based on sufficient facts or data, (2) the testimony be the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.  Rule 702 essentially codifies the principle of reliability as a condition to the admission of expert testimony.  *See Daubert v. Merrill Dow Pharmaceuticals*, 509 U.S. 579

(1993). This principle of reliability applies to expert testimony based, not only on scientific testimony, but technical or otherwise specialized knowledge. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999). Trooper Gaston's opinion that Buslayev's receipt of citations in the past is indicative of his general carelessness if not willful disregard of others does not appear to be sufficiently reliable – there being no indication that the opinion is based upon sufficient facts or the product of reliable principles and methods.

This aspect of the Defendants' motion is granted, subject to the Plaintiff establishing, at the time of trial, that Trooper Gaston's opinion satisfies the requirements of Federal Rule of Evidence 702.

### E.     Evidence that Jerry Parrick Personally Purchased Emergency Lighting for his Vehicle

Defendants move to preclude Plaintiff from presenting evidence that Jerry Parrick purchased the lighting equipment that was used on his vehicle. Defendants argue the fact that Parrick purchased the lighting equipment with his own money is irrelevant to the issues to be resolved at trial. Plaintiff counters that evidence of Parrick's purchase is relevant because the estate is entitled to recover damages for the cost of the lightning equipment that was destroyed in the collision.

Evidence of Parrick's purchase of the lighting equipment with his own money would be relevant only if the Defendants were to dispute the value of the lights or the Plaintiff's right to recover compensation for the cost of the lighting if Plaintiff prevails on the issue of liability. The Defendants concede, however, that they do not dispute the value of the equipment nor Plaintiff's entitlement to compensation for the loss of the lighting equipment if Plaintiff prevails on the issue of liability. Thus, this aspect of the Defendants' motion is properly granted.

**F.     Liability Insurance**

Plaintiff does not oppose that aspect of the Defendants' motion in limine seeking to preclude the presentation of any evidence or argument relating to liability insurance. Thus, this aspect of the motion is properly granted.

**G.     Evidence Relating to the Financial Status of FedEx**

In accordance with the mandate of Montana Code Annotated § 27-1-221(7), evidence of the financial status of FedEx may only be presented to the jury in a bifurcated proceeding – only if the jury finds that punitive damages should be awarded. The parties agree on this point. Therefore, the Defendants' motion is properly granted to the extent the Plaintiff is precluded from introducing evidence regarding the financial status of FedEx in the first phase of trial.

**H.     The Remaining Aspects of Defendants' Motion**

Finally, the Defendants seek to preclude the presentation of evidence or argument with respect to three general areas: (1) "golden rule" argument; (2) generalized statements without foundation; (3) abusive or perjorative descriptions of the Defendants; and (4) Defendants' handling of Plaintiff's claim and defense of this case.

These final aspects of the Defendants' motion are denied – there being no need for the Court to address these generalized concerns at this juncture. Certainly, the Defendants may object at trial to any attempt by the Plaintiff to inject inadmissible evidence or inappropriate argument during the course of trial.

Therefore, the Defendants' Motion in Limine is GRANTED IN PART and DENIED IN PART as set forth above.

Dated this 13th day of September, 2010

    /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge