IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

| | |
|---|---|
| TANNER J. PARRICK, individually and as Personal Representative of the estate of Jerry J. Parrick, Deceased, and on behalf of Thais D. Parrick and Maria Elliot,<br><br>     Plaintiff,<br><br> vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., BRIDGEWATER TRUCKING, LLC SERGEY BUSLAYEV, and VLADIMIR KOCHUKOV,<br><br>     Defendants. | CV 09-95-M-DWM-JCL<br><br><br><br>ORDER |

_____

  This action stems from a collision between a semi-tractor trailer unit owned by Defendant Vladimir Kochukov's business, Bridgewater Trucking, LLC, and the pickup truck in which the Plaintiff's decedent, Jerry Parrick, was seated on the shoulder of Interstate 90 near Haugan, Montana. Defendant Sergey Buslayev was operating the tractor trailer unit with Kochukov as a passenger. Jerry Parrick died as a result of the injuries he sustained in the collision. At the time of the collision, both Buslayev and Kochukov were acting on behalf of Defendant FedEx Ground

Package System, Inc.

The parties have retained accident reconstruction experts from whom they intend to elicit opinion testimony regarding the dynamics of the underlying collision. Presently before the Court is Plaintiff's motion in limine seeking to preclude Defendants' reconstruction expert, Dave Beaufort, from presenting any opinion testimony that is based upon "crush energy analysis." More particularly, the Plaintiff seeks to preclude Mr. Beaufort from presenting opinion testimony as to the estimated speed of the tractor trailer unit throughout the course of the underlying collision. The Plaintiff argues that Mr. Beaufort's "crush energy analysis" methodology lacks sufficient reliability, thereby rendering it inadmissible under Fed. R. Civ. P. 702.

Rule 702 governs the admissibility of expert testimony and requires that: (1) the testimony be based on sufficient facts or data, (2) the testimony be the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Rule 702 essentially codifies the principle of reliability as a condition to the admission of expert testimony. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). The trial court has the responsibility to act as the "gatekeeper" in determining the admissibility of expert testimony under Rule 104(a). *See General Electric Co. v.*

*Joiner,* 522 U.S. 136 (1997).  In determining the admissibility of scientific opinion, the Court must assess the reasoning or methodology, using as appropriate such criteria as testability, publication and peer review literature, and general acceptance.  *Daubert*, 509 U.S. at 592-94.  In undertaking its assessment, the trial court must keep in mind that shaky but admissible evidence is to be attacked through vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof – not just excluded.  *Daubert*, 509 U.S. at 596.

    According to the Plaintiff, Mr. Beaufort's speed calculations are unreliable because the "crush energy analysis" upon which those calculations are based is not grounded in a methodology recognized in the field of accident reconstruction.  Specifically, Plaintiff asserts that a "crush energy analysis" can only be accomplished if the "crush characteristics and data" for both vehicles involved in the collision – Parrick's pickup truck and the tractor trailer unit – are known.  The Plaintiff supports his position with the affidavit of his retained expert, David Rochford.  In Mr. Rochford's opinion, it is not possible to use a "crush energy analysis" to establish the change of speed at impact ("Delta V") for either of the vehicles involved in the underlying collision because no "crush energy data" has been established for heavy trucks like the truck trailer unit involved in the

-3-

collision.[1]

In response to the Plaintiff's challenge to the reliability of Mr. Beaufort's "crush energy analysis," the Defendants submit the affidavit of Mr. Beaufort. In his affidavit, Mr. Beaufort expresses his disagreement with Mr. Rochford's conclusion that the "DeltaV" can only be calculated using the "crush energy" from both vehicles involved in the collision. According to Mr. Beaufort, because Mr. Parrick's pickup was stationary at the time of the collision, the "Delta V" of the truck trailer unit can be estimated using a methodology based on the "barrier equivalent velocity" ("BEV") of the Parrick vehicle.[2]

The Plaintiff has not filed a reply challenging the statements made by Beaufort in his responsive affidavit. Based on the current record, the challenge to Mr. Beaufort's opinions thus appears to emanate from a disagreement between two qualified experts – no challenge being mounted to the qualifications of either Mr. Beaufort or Mr. Rochford in the field of accident reconstruction. Plaintiff's

---

[1] In addition to his training in "crush energy analysis," Mr. Rochford advises that in formulating his opinion he relied upon a specific textbook and training manual. The pertinent provisions of the referenced textbook and training manual were not presented to the Court for consideration.

[2] In support of his statement that he employed a reliable methodology, Mr. Beaufort has presented an article from the Society of Automotive Engineers ("SAE") which he asserts explains that a "Delta V" calculation using BEV is appropriate in vehicle to vehicle collisions where one car is stationary.

challenge to Mr. Beaufort's methodology goes to the weight to be afforded Mr. Beaufort's opinions, which may be explored by the Plaintiff through vigorous cross-examination and the presentation of contrary evidence.  *See Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1263 (9th Cir. 2001).

The Court is mindful that to fulfill its court gate-keeping function, it must make a reliability determination prior to admitting expert testimony.  *Mukhtar v. California State University, Hayward*, 299 F.3d 1053, 1066 (9th Cir. 2002).  The court may fulfill its duty by conducting a separate "Daubert hearing" before trial or making an evidentiary determination during trial by way of voir dire of the expert witness.  *United States v. Alatorre*, 222 F.3d 1098, 1104 (9th Cir. 2000).  In the present case, neither party has requested a pretrial "Daubert hearing."  If the Plaintiff wishes to maintain his reliability challenge to Mr. Beaufort's "Delta V" opinions, he may raise that challenge during trial, thus allowing the requisite reliability determination to be made on a fully developed record. As the record currently stands, the Plaintiff's challenge to Mr. Beaufort's "Delta V" opinions must be rejected and the motion in limine denied.

DATED this 15th day of September, 2010

    /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge