**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

_____

TANNER J. PARRICK, individually          CV 09-95-M-DWM-JCL
and as Personal Representative of the
estate of Jerry J. Parrick, Deceased,
and on behalf of Thais D. Parrick and
Maria Elliot,

                    Plaintiff,           ORDER

          vs.

FEDEX GROUND PACKAGE SYSTEM,
INC., BRIDGEWATER TRUCKING, LLC
SERGEY BUSLAYEV, and VLADIMIR
KOCHUKOV,

                    Defendants.

_____

Before the Court is a Motion for Rule 37(b) Sanctions filed by Plaintiff

Tanner J. Parrick ("Plaintiff").  The Court held a hearing on the motion on

September 16, 2010.  For the reasons discussed below, Plaintiff's motion is

GRANTED to the extent that sanctions are imposed by this Order, but his request

for a default judgment is DENIED.

## I.  INTRODUCTION

This action stems from a motor vehicle collision which occurred on

December 17, 2008, on Interstate 90 near De Borgia, Montana.  At the time of the

collision Jerry J. Parrick was on duty working for the West End Volunteer Fire Department.  Parrick was inside his emergency vehicle which was parked on the shoulder of Interstate 90 at the scene of a single-vehicle rollover.

At the same time, Defendant Sergey Buslayev was driving a semi-tractor trailer unit on Interstate 90 on behalf of FedEx Ground Package System, Inc. ("FedEx").  The second trailer of the unit collided with Parrick's vehicle.  Parrick died as a result of the collision.

Plaintiff commenced this litigation seeking recovery of compensatory damages he sustained as a result of Jerry Parrick's death, and an award of punitive damages.  Plaintiff advances various theories of negligence in his pleading, and he asserts claims for wrongful death and survivorship.

Unfortunately, this action has become mired in numerous discovery disputes.  Plaintiff now moves for an order imposing sanctions against each of the Defendants pursuant to Fed. R. Civ. P. 37(b)(2) based on their respective failures to comply with the Court's Order entered April 21, 2010, directing Defendants to provide responses to ceratin discovery requests.  Plaintiff requests the Court enter a default judgment against Defendants as an appropriate sanction for their conduct in failing to comply with the referenced Order.

2

## II.  BACKGROUND

Plaintiff's motion for sanctions stems from his written discovery requests that were first served on all Defendants on July 1, 2009.  The discovery requests served on FedEx included Interrogatories 1 through 25, Requests for Production 1 through 43, and Requests for Admission 1 through 3.  The requests served on Buslayev included Interrogatories 1 through 33, Requests for Production 1 through 31, and Requests for Admission 1 through 4.[1]

On October 6, 2009, FedEx and Buslayev each separately provided Plaintiff with their initial responses to the July 1 discovery requests.  Plaintiff asserts, however, that those responses were incomplete.  Kochukov provided his initial responses to the July 1 discovery requests on April 5, 2010.  At least as of August 12, 2010, however, Buslayev and Kochukov had not provided any further supplemental discovery responses, and Bridgewater still had not provided any answers to any of the July 1 discovery requests.

After October 6, 2009, FedEx provided Plaintiff with several supplemental responses to various of the July 1, 2009 discovery requests as follows:

---

[1]Plaintiff has filed a copy of the discovery requests served on FedEx and Buslayev.  But he has not filed a copy of the discovery requests he served on either Vladimir Kochukov or Bridgewater Trucking, LLC ("Bridgewater").  The Court did have the opportunity to review the requests at issue at the hearing.

(a)     FedEx submitted its first supplemental responses to Plaintiff on December 11, 2009, but Plaintiff contends that supplement provided only limited information;

(b)     On December 23, 2009, FedEx gave Plaintiff its second supplemental responses.  That supplement was 34 pages in length, and Plaintiff states it provided a list of FedEx's accidents maintained on the Department of Transportation website, and a list of FedEx's accidents maintained by FedEx;

(c)     On January 20, 2010, FedEx provided its third supplemental discovery responses which Plaintiff states consisted of 32 pages of records regarding FedEx's dolly and trailers; and

(d)     On March 11, 2010, FedEx produced its fourth supplemental answers and responses to Plaintiff's July 1, 2009 discovery requests.  FedEx states that these responses included over 1,000 pages of information. Additionally, FedEx represented to the Court on March 15, 2010, that it had produced what it could at that time, and that it was continuing to review further materials for responsiveness to discovery requests which it may produce to Plaintiff upon conclusion of that review.

On February 24, 2010, Plaintiff filed a Motion to Compel requesting the Court order all four Defendants to respond to his July 1, 2009 discovery requests. After hearing, the Court granted Plaintiff's Motion to Compel by Order entered April 21, 2010.  The Order required Plaintiff to first identify the specific discovery requests to which Defendants had not yet responded and, in turn, directed Defendants to provide responses to Plaintiff on or before April 28, 2010. Additionally, Defendant FedEx was ordered to supplement its prior discovery responses on or before May 3, 2010.  The Court advised the Defendants it would

4

entertain a motion requesting an extension of the referenced deadlines in the event they could not - for legitimate reasons - comply with the deadlines.

As directed in the April 21, 2010 Order, Plaintiff sent Defendants a letter dated April 23, 2010, identifying specific discovery requests to which each of the four Defendants were to provide responses as ordered.  For purposes of Plaintiff's Motion for Rule 37(b) Sanctions and this Order, and based on Defendants' acknowledgments made at the hearing held on April 21, 2010, the Court deems Plaintiff's April 23 letter as identifying the specific discovery requests that are the subject of the Court's April 21, 2010 Order compelling discovery responses.

The Defendants did not comply with the deadlines imposed by the April 21 Order.  Nor did they request an extension of time.  Specifically, Plaintiff did not receive any responses to the previously unanswered discovery requests by the April 28, 2010 deadline.  And it is undisputed that at least as of August 12, 2010, Defendants Bridgewater, Buslayev, and Kochukov had not provided any discovery responses as directed by the April 21 Order.

After the Court-imposed deadlines, FedEx intermittently provided the following responses:

(a)     April 29, 2010:  a copy of FedEx's excess insurance policy;

(b)     May 21, 2010:  (1) Documentation from the previous owner of the Volvo semi-tractor involved in the collision that is the subject of this

5

action; (2) FedEx's document retention policy; and (3) FedEx's balance sheet;

(c)     June 8, 2010:  log book spreadsheets for a limited time period. Plaintiff contends, however, that there are gaps in the information set forth in the spreadsheets; and

(d)     June 16, 2010:  An index of FedEx's policies entitled "Online Documentation Index by Document Number."

In response to Plaintiff's motion for sanctions, FedEx states that "[s]ince April" it has produced the following:

1.     A copy of the excess insurance coverage policy;
2.     A copy of the balance sheet with confidential totals of assets, liabilities, and equity;
3.     Tractor maintenance records;
4.     Records Retention Policies; and
5.     Policies associated with categories identified by Plaintiffs' counsel through verbal discussion narrowing the previous[] general requests for policies maintained by FedEx Ground[.]

Dkt. 85 at 3.

Based on the record before the Court and the representations of the parties stated in their briefs, the Court finds that FedEx produced only the above-identified limited discovery materials in response to the Court's April 21, 2010 Order compelling discovery.  Comparing those limited discovery responses with the numerous discovery requests identified in Plaintiff's April 23, 2010 letter to Defendants, the Court finds many of Plaintiff's July 1, 2009 discovery requests that are the subject of the Court's April 21, 2010 Order were unanswered by

6

Defendants in violation of the Order.  Furthermore, the record reflects that FedEx's production of the limited discovery materials described above was untimely - the materials were given to Plaintiff after the April 28, 2010 deadline passed.  Consequently, the Court finds all Defendants failed to comply with the Court's April 21 Order.

Of particular note is the issue of FedEx's failure to produce copies of various company policies.  Plaintiff's Interrogatory No. 33 [sic 38] requested as follows:  "Please produce an index of all FedEx Ground Package System, Inc. policies and all actual policies in regard to the following[.]"  The request proceeded to request policies relative to 11 specific subjects including safety. FedEx did not produce either the index of policies or the actual specific policies in response to Plaintiff's July 1, 2009 discovery request.  FedEx also did not produce any responsive documents by the April 28, 2010 deadline as directed by the Court's Order entered April 21, 2010.

Plaintiff then sought to depose John Payne, the Senior Vice President of Linehaul Safety and Maintenance for FedEx.  Plaintiff's counsel submitted a Notice of Deposition of John Payne dated May 15, 2010, to Defendants' counsel. The Notice of Deposition requested Mr. Payne to produce, inter alia, "[a]n index of all FedEx Ground Package System, Inc. policies[, and] [a]ll safety policies for

FedEx Ground Package System, Inc. for the period of 2004 to the present[.]"
(Plaintiff's Ex. 2, September 16, 2010 Hearing.)

The request to produce documents contained in the Notice of Deposition
was made under authority of Fed. R. Civ. P. 30(b)(2)[2] and 34.  Rule 30(b)(2) reads,
in relevant part, as follows:  "The notice to a party deponent may be accompanied
by a request under Rule 34 to produce documents and tangible things at the
deposition."  As an officer of FedEx, Mr. Payne was a "party deponent" and, thus,
was obligated to produce documents as requested in Plaintiff's May 15, 2010
Notice of Deposition.

Plaintiff's counsel took Mr. Payne's deposition on June 16, 2010.  Although
Mr. Payne produced a 42-page index identifying the purported policies of FedEx
responsive to Plaintiff's request at his deposition, he did not produce any FedEx
safety policies as requested.  Mr. Payne did not provide any satisfactory
explanation as to why he failed to produce the safety policies as required under
Rule 30(b)(2).

---

[2]Plaintiff's Notice of Deposition cites to Fed. R. Civ. P. 30(b)(5).  It appears the
citation contains a typographical error because Rule 30(b)(5) describes the duties
of the officer recording the deposition and it does not impose any obligation on a
deponent to produce documents.  Plaintiff apparently intended to cite to Rule
30(b)(2).  Nonetheless, the terms of Rule 30(b)(2) apply to the Notice of
Deposition even in the absence of a correct citation.

Based on the forgoing, FedEx completely failed to produce its company policies. FedEx failed to comply with the Court's April 21, 2010 Order, and it failed to comply with the Rule 30(b)(2) and Rule 34 request for production in the referenced Notice of Deposition.

## III.  DISCUSSION

If a party "fails to obey an order to provide or permit discovery, [...] the court [...] may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A).[3]  Included among the available sanctions are orders:

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

---

[3]This Court's April 21, 2010 Order generally directing Defendants to respond to Plaintiff's July 1, 2009 discovery requests is sufficiently specific to constitute an "order to provide or permit discovery." *See Fjelstad v. American Honda Motor Co., Inc.*, 762 F.2d 1334, 1339 (9th Cir. 1985).

Fed. R. Civ. P. 37(b)(2)(A).  The district court has discretion in its imposition of discovery sanctions.  *Insurance Corp. of Ireland, Ltd., v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982).

 The Plaintiff asks the Court to impose the ultimate sanction - a default judgment against Defendants under Fed. R. Civ. P. 37(b)(2)(A)(vi).  In his briefing Plaintiff did not explore to any degree other lesser sanctions that might provide effective relief.  Lesser sanctions were, however, discussed at hearing.

Rule 37 authorizes the district court to either dismiss a plaintiff's case, or enter a default judgment against a defendant as a sanction for the offending party's failure to comply with an order compelling discovery.  Fed. R. Civ. P. 37(b)(2)(A)(v) and (vi).  Such case-dispositive or terminating sanctions, however, are available only in limited circumstances.  *Connecticut General Life Insurance Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).  These "severe" sanctions are available only where the offending party's conduct constitutes "willfulness, bad faith, and fault[.]"  *Id.*

Furthermore, before a court can impose the ultimate sanction of default, a court must consider five factors "to determine whether a case-dispositive sanction under Rule 37(b)(2) is just[.]"  *Connecticut General*, 482 F.3d at 1096.  The five factors are as follows:

(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Connecticut General*, 482 F.3d at 1096 (quotation and citation omitted).  The most critical factor is "truth" - whether a party's discovery abuse will prevent the parties from ever having access to the facts to present their respective cases, or will prevent the truth from coming out.  *Id*.  Having considered these controlling factors, the Court concludes a default judgment is not appropriate under the circumstances.

Public policy favors the disposition of cases on their merits (*Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998))), and clearly there are less drastic sanctions available to remedy Defendants' conduct in this case.  The trial setting in this action - currently set for October 18, 2010 - has not been continued because of the the discovery disputes.  Thus, the public's interest in the expeditious resolution of litigation and the Court's ability to manage its docket have not been impacted by Defendants' conduct.

The Plaintiff argues he has been prejudiced because the Defendants' failure to timely produce information adversely impacted the ability of his expert witnesses to properly formulate their opinions.  The Plaintiff has not sufficiently

11

established, however, that Defendants' conduct has prejudiced his ability to fairly present his case on the true facts - particularly in light of the Court's imposition of lesser sanctions discussed below.  Although the Court finds the Defendants' failure to adequately respond to the disputed discovery requests was willful, on balance their conduct does not warrant imposition of the ultimate sanction of default judgment.

The Court proceeds to consider alternative sanctions.  In assessing whether a sanction less severe than a default judgment should be imposed, the courts consider two factors.

> Rule 37(b)(2) contains two standards-one general and one specific-that limit a district court's discretion.  First, any sanction must be 'just'; second, the sanction must be specifically related to the particular 'claim' which was at issue in the order to provide discovery.

*Navellier v. Sletten*, 262 F.3d 923, 947 (9th Cir. 2001) (quoting *Insurance Corp. of Ireland, Ltd., v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982)).  Thus, any sanction imposed must be reasonably related to the claim or defense at which the discovery was directed, but "was frustrated by sanctionable conduct."  *Id*. (citing *Insurance Corp*, 456 U.S. at 707-09).  These two factors weigh heavily in favor of the imposition of sanctions against Defendants.

As an alternative sanction available under Rule 37(b)(2), a court has authority to instruct a jury that it may make an inference with respect to certain

12

factual matters based on a party's failure to produce evidence on those factual matters. The rationale supporting the imposition of sanctions stems, in part, from the "presumption that the refusal to produce evidence [... is] but an admission of the want of merit in the asserted defense." *Insurance Corp. of Ireland, Ltd., v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 705 (1982) (quoting *Hammond Packing Co. v. Arkansas*, 212 U.S. 322, 351 (1909)). Where a party fails to produce evidence in discovery "the fair inference is that the evidence would have weighed against the party who held it back." *Computer Associates International, Inc. v. American Fundware, Inc.*, 133 F.R.D. 166, 170 (D. Colo. 1990) (citing *Hammond Packing Co.*, 212 U.S. at 350-51). Thus, the sanctions available under Fed. R. Civ. P. 37(b)(2)(A) include the use of adverse inference jury instructions with respect to the evidence a party has failed to produce in response to an "order to provide or permit discovery[.]" *See Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99, 103, 106-108 (2nd Cir. 2002); *Dong Ah Tire & Rubber Co., Ltd. v. Glasforms, Inc.*, 2009 WL 1949124, *4 (N.D. Cal. 2009) (citing *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991)); *Liss v. Exel Transportation Services, Inc.*, 2008 WL 370886, *2, 5-6 (D. Ariz. 2008); *Keithley v. The Home Store.com, Inc.*, 2008 WL 3833384, *2-4, 7 (N.D. Cal. 2008).

13

The adverse inference that a jury may draw from a party's failure to produce materials sought in discovery is "based on two rationales, one evidentiary and one not." *Millenkamp v. Davisco Foods International, Inc.*, 562 F.3d 971, 981 (9th Cir. 2009) (quoting *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991)).

> "The evidentiary rationale is nothing more than the common sense observation that a party who has notice that a document is relevant to litigation and who proceeds to destroy the document is more likely to have been threatened by the document than is a party in the same position who does not destroy" it. [citation omitted]  The second rationale has to do with "its prophylactic and punitive effects"-"[a]llowing the trier of fact to draw an adverse inference presumably deters parties from destroying relevant evidence before it can be introduced at trial."

*Millenkamp*, 562 F.3d at 981 (quoting *Akiona*, 938 F.2d at 161).

The two rationales identified above support the imposition of the adverse inference sanction in this case with respect to certain matters as will be discussed. Defendants' failure to produce the discovery as ordered by the Court suggests that the materials sought contained evidence adverse to Defendants.  Also, the adverse inference sanction will deter Defendants from refusing to produce discovery materials in the future.

The other alternative sanction properly imposed to remedy any prejudice to Plaintiff is that the offending Defendant will be precluded from presenting evidence that goes beyond the information produced in response to particular discovery requests as will be discussed.  Fed. R. Civ. P. 37(b)(2)(A)(ii); *Dey, L.P.*

14

*v. Ivax Pharmaceuticals, Inc.*, 233 F.R.D. 567, 571 (C.D. Cal. 2005).  Finally, the offending Defendant will be required, as detailed below, to promptly provide Plaintiff supplemental information to certain discovery requests, either directly or via the execution of a release.  In tandem with this requirement, Plaintiff's experts will be allowed to supplement their Fed. R. Civ. P. 26(a)(2)(B) reports to the extent their supplemental opinions are dependent upon information produced as a result of this order.

The propriety of imposing a specific sanction with respect to each individual discovery request identified in Plaintiff's April 23, 2010 letter was addressed at the September 16, 2010 hearing held in this matter.  The Court's rulings as to the individual discovery requests is set forth below.

THEREFORE, IT IS ORDERED that based on Plaintiff's outstanding July 1, 2009 discovery requests as identified in Plaintiff's April 23, 2010 letter (Dkt. # 76-1 at 5-16), the Court's rulings on Plaintiff's Motion for Rule 37(b) Sanctions with respect to the individual discovery requests are as follows:

    A.    Based on Plaintiff's representations made in open Court on September 16, 2010, with respect to the discovery requests identified in this paragraph A., Plaintiff has either withdrawn his request for a sanction, or has stated that the necessity for a sanction has been alleviated.  Therefore, Plaintiff's Motion for Rule 37(b) Sanctions is DENIED with respect to the following discovery requests:

Discovery Requests Submitted to **FedEx**:

        Request for Production No. 3
        Interrogatory No. 4
        Request for Production No. 15
        Request for Production No. 27
        Request for Production No. 29
        Request for Production No. 30
        Request for Production No. 35
        Request for Production No. 36 [sic 41]

Discovery Requests Submitted to **Buslayev**:

        Interrogatory No. 20
        Interrogatory No. 24
        Request for Production No. 23
        Interrogatory No. 27

Discovery Requests Submitted to **Kochukov**:

        Interrogatory No. 5
        Request for Production No. 1
        Interrogatory No. 23
        Interrogatory No. 24
        Request for Production No. 14
        Request for Production No. 16
        Request for Production No. 23
        Interrogatory No. 26
        Request for Production No. 24
        Interrogatory No. 27
        Request for Production No. 27

Discovery Requests Submitted to **Bridgewater Trucking**:

        All of Plaintiff's July 1, 2009 discovery requests.

B.  Plaintiff's Motion for Rule 37(b) Sanctions is GRANTED to the extent stated below with respect to the following discovery requests submitted to **FedEx**:

    1.    Request for Production No. 1 ("out of service" violations):

        Because the Court finds FedEx provided no documents in response to this request, FedEx shall be precluded from presenting evidence to rebut or contradict evidence presented by Plaintiff pertaining to out-of-service violations as that evidence may bear upon Plaintiff's claims.

    2.    Interrogatory No. 5 (cargo and packages):

        On or before **September 21, 2010**, FedEx shall produce all information in its possession, custody or control relating to (1) the weight of the tractor trailer unit that is the subject of this action, and (2) all weigh station stops made by the FedEx vehicle.

        Plaintiff may produce supplemental expert reports on or before **October 1, 2010**, based on the weigh station stop information produced by FedEx.

    3.    Interrogatory No. 6 (claims stemming from other FedEx accidents):

        Because the Court finds FedEx provided no information in response to this interrogatory, Plaintiff is entitled to an adverse inference instruction with respect to information requested in Interrogatory No. 6.  Plaintiff, however, must first establish at trial that the factual subject matter of any specific inference requested is related to a claim or defense asserted in this action.

4.      Interrogatory No. 9 (FedEx's understanding of the facts of the accident):

Because the Court finds FedEx did not supplement its answer to this Interrogatory, FedEx shall be precluded from presenting any description/explanation of the facts of the accident beyond what is contained in Bates Stamp No. FGS 516-521, its expert reports, and Buslayev's testimony or statements.

5.      Request for Production No. 19 (scale tickets, toll receipts, trip reports, and Com Checks):

The sanction imposed with respect to Request for Production No. 19 is based on the Court's finding that FedEx failed to produce any scale tickets, toll receipts, trip reports, and Com Checks as specified in the request. Therefore, to the extent Plaintiff can establish that scale tickets, toll receipts, trip reports, and Com Checks documents either exist, or were required by federal regulations to be generated relative to Buslayev and Kochukov's trip which ended in the subject accident, and that FedEx failed to produce those documents in response to Plaintiff's discovery request, then Plaintiff is entitled to an adverse inference instruction with respect to information requested in Request for Production No. 19 if warranted in the context of trial.  Plaintiff, however, must first establish at trial that the factual subject matter of any specific inference requested is related to a claim or defense asserted in this action.

6.      Request for Production No. 22 (Buslayev and Kochukov's personnel file documents):

Because the Court finds FedEx failed to supplement its response to this request, FedEx shall be precluded from presenting any evidence of factual matters sought on documents requested in Request for Production No. 22

18

beyond what is contained Bates Stamp No. FGS 318-629 (Kochukov) and Bates Stamp No. FGS 242-317 (Buslayev).  FedEx is also precluded from contradicting matters at trial based on evidence contained in documents responsive to Request for Production No. 22 beyond the referenced FGS documents.

Additionally, Plaintiff may produce supplemental expert reports on or before **October 1, 2010**, with respect to documents that are responsive to Request for Production No. 22 which FedEx produced to Plaintiff after May 3, 2010.

Additionally, Plaintiff may produce supplemental expert reports on or before **October 1, 2010**, with respect to documents responsive to Request for Production No. 22 which were required, by either federal regulations or FedEx's own policies, to be maintained by FedEx but were not.  The experts' supplemental reports may explain how the absence of any particular required document affects his or her opinion.  Provided, however, Plaintiff's experts must also establish how the absence of any particular document bears upon an issue to be resolved at trial.

7.    Request for Production No. 28 (retrofitting on equipment):

Because the Court finds that FedEx failed to produce any documents in response to this request, FedEx shall be precluded from introducing evidence to contradict other evidence that there was, or was not any retrofitting performed on either the two trailers or the dolly at issue in this case.  FedEx also may not present any evidence with respect to the issue of how any retrofitting performed may have affected the accident at issue in this case.

19

8.      Interrogatory No. 19 (gross vehicle weight and cargo weight):

On or before **September 21, 2010,** FedEx shall provide Plaintiff with the gross vehicle weight and/or the cargo weight of the FedEx vehicle at issue in this action.

Plaintiff may produce supplemental expert reports on or before **October 1, 2010**, based on the gross vehicle or cargo weights produced by FedEx.

9.      Request for Production No. 33 [sic 38] (FedEx Policies):

Because the Court finds FedEx failed to produce any policies in response to this request, Plaintiff is entitled to an adverse inference instruction with respect to the subject matter of any FedEx policy identified in Request for Production No. 33.  Plaintiff, however, must first establish at trial that the factual subject matter of any specific inference requested is related to a claim or defense asserted in this action.

C.      Plaintiff's Motion for Rule 37(b) Sanctions is GRANTED to the extent stated below with respect to the following discovery requests submitted to **<u>Buslayev</u>**:

1.      Interrogatory No. 2 (home and work addresses):

On or before **September 22, 2010,** Buslayev shall (1) supplement his answer with respect to his home and work addresses, and the time periods in which he resided or worked at those addresses, and (2) provide Plaintiff with a release sufficient for Plaintiff to obtain this information from other sources or third parties.

2.      Interrogatory No. 5 and Request for Production No. 1 (other legal actions - civil or criminal), Interrogatory No. 6 and Request for Production No. 2 (misdemeanor citations), and

Request for Production No. 6 (documents regarding criminal history):

> On or before **September 22, 2010,** Buslayev shall provide Plaintiff with a release sufficient for Plaintiff to obtain information and/or documents responsive to Interrogatory Nos. 5 and 6, and Request for Production Nos. 1, 2, and 6.

> On or before **September 22, 2010,** Buslayev shall supplement his answer to Interrogatory No. 5 to clarify whether his original answer - "No" - means that there are no other civil or criminal proceedings in which he has been involved other than those identified in his answer to Interrogatory No. 6.

> On or before **September 22, 2010,** Buslayev shall supplement his answer to Interrogatory No. 6 to identify the court in which each citation described in his original answer was prosecuted.

> Plaintiff may produce supplemental expert reports on or before **October 1, 2010**, based on the supplemental information provided by Buslayev and the information obtained through the releases provided by Buslayev.

3.   Interrogatory No. 8 and Request for Production No. 3 (assets):

> On or before **September 22, 2010,** Buslayev shall supplement his answer to these requests to affirmatively confirm that the 2000 Pontiac is Buslayev's sole asset.

4.   Interrogatory No. 10 (other accidents in which Buslayev has been involved), Interrogatory No. 11 (jobs/work history), and Interrogatory No. 12 (education and training):

> On or before **September 22, 2010,** Buslayev shall supplement his answers to these interrogatories.

5.    Interrogatory No. 16 (medical exams and certificate):

On or before **September 22, 2010,** Buslayev shall supplement his answer to identify any medical examination certificate(s) in existence and valid after October 19, 2008.  If Buslayev does not provide this supplemental information then he may not present any contradictory evidence on this matter at trial.

6.    Request for Production No. 10 (file documents regarding December 17, 2008 accident):

On or before **September 22, 2010,** Buslayev shall supplement his response to this request to clarify that his original response - "N/A" - means that he does not have any responsive documents.

7.    Request for Production No. 17 (log books):

On or before **September 22, 2010,** Buslayev shall supplement his response to this request by producing log books for the period of time from December 1 through December 8, 2008.  If Buslayev does not produce these log books, then he shall be precluded from presenting any other evidence of those log books at trial.

8.    Request for Production No. 23 [sic 24] (cell phone records):

On or before **September 27, 2010,** Buslayev shall supplement his response by producing his cell phone records from December 17, 2008, through the time he returned home following the accident.  If Buslayev does not produce these cell phone records, then Plaintiff will be entitled to an adverse inference instruction with respect to Buslayev's use of his cell phone if warranted in the context of trial.  Plaintiff, however, must first establish at trial that the factual subject matter of any

22

specific inference requested is related to a claim or
defense asserted in this action.

9.    Interrogatory No. 26 (driver's licenses - state and date issued):

On or before **September 22, 2010,** Buslayev shall
supplement his answer to identify all states in which he
has obtained a driver's license or a commercial driver's
license, and the date each license was issued.

10.   Interrogatory No. 29 (information regarding trip), and
Interrogatory No. 30 (interview process with FedEx):

On or before **September 22, 2010,** Buslayev shall
supplement his answers to these Interrogatories.

D.    Plaintiff's Motion for Rule 37(b) Sanctions is GRANTED to the
extent stated below with respect to the following discovery requests
submitted to **Kochukov**:

1.    Interrogatory No. 12 (background, education and training):

On or before **September 27, 2010,** Kochukov shall
supplement his answer with respect to the driving school
in Philadelphia which Kochukov attended, any persons
with knowledge of his attendance and training at that
school, and the identity of any documents relative to his
attendance at the Philadelphia driving school.

2.    Interrogatory No. 16 (privilege log with respect to interviews
of Kochukov regarding the December 17, 2008 accident):

On or before **September 27, 2010,** Kochukov shall
provide Plaintiff with a privilege log with respect to the
information requested in Interrogatory No. 16.  FedEx
shall, within 5 days of its receipt of the privilege log
prepared by Kochukov, file a brief with respect to the
issue of whether Kochukov's waiver of any asserted

23

privilege also constitutes a waiver of FedEx's privileges that it might assert with respect to the information requested in Interrogatory No. 16.  Plaintiff may file a brief in response within 5 days after his receipt of FedEx's brief.

3.     Interrogatory No. 25 (driver's license dates):

On or before **September 27, 2010,** Kochukov shall supplement his answer to state the date he received each of his driver's licenses.

4.     Request for Production No. 21 (employment documents):

On or before **September 27, 2010,** Kochukov shall supplement his response to produce copies of all of his driver's license documents sought in Request for Production No. 21.

5.     Request for Production No. 22 (cell phone records):

On or before **September 27, 2010,** Kochukov shall produce his cell phone records as sought in Request for Production No. 22.  If the records are not produced, then Kochukov may be subject to any additional sanction deemed appropriate by the presiding judge, District Judge Donald W. Molloy.

6.     Interrogatory No. 29 (interview process with FedEx):

On or before **September 27, 2010,** Kochukov shall supplement his answer to this Interrogatory.

IT IS FURTHER ORDERED that in support of each offered adverse

inference jury instruction Plaintiff must demonstrate, to the satisfaction of the

District Judge in the context of trial, that the specific factual matter at issue in each

24

adverse inference is probative of Plaintiff's claims or any defenses asserted by

Defendants.

Finally, IT IS ORDERED that Plaintiff's Motion for Rule 37(b) Sanctions

requesting the entry of a default judgment is DENIED.

DATED this 17th day of September, 2010.


 /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

25